UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
DEC 12 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:14-cr |
| ) | |
| THEODORE ZAVAKOS, ) | **1:14-cr-0247 SEB-TAB** |
| ) | |
| Defendant. ) | |

### INFORMATION

The United States Attorney charges that:

**Background**

1. At all times relevant to these charges, Theodore Zavakos ("Zavakos") was the owner of Accurate Land Title ("ALT"), a title company with offices in Greenwood, Indiana. As a title company, ALT was responsible for receiving and properly dispersing funds related to real estate acquisitions and refinances that it administered.

2. At all times relevant to these charges, ALT maintained escrow accounts at M&I Bank and 5/3rd Bank. ALT used those escrow accounts to receive and disperse funds related to the real estate transactions ALT was hired to administer. No other funds were held within those escrow accounts.

3. Because of ALT's role in the real estate transaction process, each transaction ALT administered through its escrow accounts should have had a "zero net effect" on those accounts in short order after the transaction. Put another way, all money transferred into ALT's escrow accounts should be allocated to a certain purpose, including: paying off an existing mortgage; paying the seller if equity exceeds encumbrances; paying ALT its agreed fee; and paying any other

agreed upon expenses related to the transaction. Other than ALT transferring its legitimate fee from the escrow account(s) to its operating account(s), significant sums of money should not have left ALT's escrow accounts without a direct correlation to a real estate closing.

4. At all times relevant to this Information, 5/3rd Bank and M&I Bank used an electronic, inter-bank wire transfer process that employed the transmission of sounds or signals by means of wire communication in interstate commerce.

### The Scheme to Defraud

5. Beginning in at least May of 2009, and continuing through and including November 27, 2009, Zavakos knowingly and with the intent to defraud devised a scheme to defraud customers of ALT by means of materially false pretenses, representations and promises, specifically, that all funds paid into the escrow accounts maintained by ALT would be used only in connection with the real estate transaction in which the customer was involved, by electronically transferring more than $800,000 in customer funds from the escrow accounts to personal accounts Zavakos maintained, which funds Zavakos then used for this personal benefit without the knowledge or consent of ALT's customers.

### Zavakos' Personal Projects

6. Specifically, on or about February 4, 2009, Zavakos caused approximately $348,000 to be wired from ALT's 5/3rd Bank escrow account to fund a personal business venture in Big Horn, Wyoming. During August of 2009, Zavakos caused approximately $500,000 to be wired from ALT's M&I Bank escrow account to fund a personal commercial project in Indiana, and thereafter caused additional funds to be wired from ALT's 5/3rd Bank escrow account to offset operating expenses of that Indiana project.

7. In executing the scheme and artifice to defraud detailed herein, Zavakos' illicit activity caused delays in paying off loans that ALT was responsible for paying off immediately following closings ALT was hired to administer.

### Customer M.B.

8. In 2009, an Indiana resident, hereinafter referred to as M.B., sought to refinance his mortgage in the amount of $802,326.59. ALT was selected as the title company to handle the transaction.

9. At all times relevant to these charges, the parties to M.B.'s mortgage refinance transaction understood that ALT would only use money placed in ALT's escrow accounts by M.B.'s new mortgage holder, U.S. Bank, to pay off the loan held by M.B.'s previous mortgage holder, Huntington Bank.

10. On September 2, 2009, $803,272.63 was deposited into ALT's M&I Bank escrow account by U.S. Bank in connection with M.B.'s mortgage refinance transaction. Instead of wiring the payoff amount for M.B.'s old mortgage to Huntington bank immediately, Zavakos caused some or all of that money to be used for expenses unrelated to M.B.'s mortgage refinance.

11. Specifically, on September 3, 2009, Zavakos caused 24 checks totaling approximately $535,000 and one wire transfer totaling approximately $157,000 to be debited from ALT's M&I Bank escrow account. None of that money was directed at paying off M.B.'s mortgage with Huntington Bank.

12. As a result of Zavakos' illicit activity with M.B.'s mortgage refinance funds, the check ALT ultimately sent to Huntington Bank for $802,326.59 was returned for Non-Sufficient Funds ("NSF") on September 8, 2009. A second check from ALT to Huntington Bank in the same amount was again returned for NSF on September 14, 2009.

13. Following the return of the two NSF checks, Zavakos attempted to conceal his

3

fraudulent activity by making payments on M.B's old mortgage to Huntington Bank. After a few months of making payments on M.B.'s old mortgage, however, Zavakos stopped making payments. Huntington Bank then sued M.B. in a foreclosure action for non-payment on the mortgage that ALT was supposed to have paid off following M.B.'s refinance. M.B. incurred significant legal fees and suffered serious harm to his credit rating as a result of the foreclosure lawsuit.

### The Charge
### Wire Fraud
### [18 U.S.C. §1343]

The United States Attorney charges that:

14. The allegations contained in Paragraphs 1 through 13, above, are realleged as if fully set forth herein.

15. On or about September 3, 2009, within the Southern District of Indiana, the defendant,

**THEODORE ZAVAKOS,**

having devised and, for the purpose of executing the scheme to defraud described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds associated with the wire transferring of currency between banking institutions; including the wire transfer of approximately $692,000 from ALT's M&I Bank escrow account for a purpose unrelated to M.B.'s mortgage refinance transaction.

In violation of Title 18, United States Code, Section 1343.

JOSH J. MINKLER
Acting United States Attorney

STATE OF INDIANA      )
                      )   SS:
COUNTY OF MARION      )

Matthew J. Rinka, being first duly sworn, upon his oath deposes and says that he is an Assistant United States Attorney in and for the Southern District of Indiana, that he makes this affidavit for and on behalf of the United States of America and that the allegations in the foregoing Information are true as he is informed and verily believes.

_____
Matthew J. Rinka
Assistant United States Attorney

Subscribed and sworn to before me, a notary public, on this 12th day of December, 2014.

_____
Notary Public
Michelle Butler

My Commission Expires:

January 21, 2016

My County of Residence:

Hendricks

5